PER CURIAM.
Wilfredo Delgado appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. He claims entitlement to relief based on newly discovered evidence, supported by the affidavits of two witnesses who assert knowledge of the underlying crimes. The trial court denied the motion for postconviction relief without an eviden-tiary hearing, reasoning that the motion is impermissibly successive and otherwise without merit.
Under this court’s standard of review, “Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing.” Fla. R.App. P. 9.140(i). It is not clear from the face of the affidavits or the record excerpts now before us that the information contained in the affidavits was available earlier. The question of timeliness may, of course, be developed at the evidentiary hearing.
The record also indicates that there was a confession by defendant’s brother, Luis Delgado, which implicated defendant. So far as this court can ascertain, the original confession is not in the record excerpts which have been filed here. The question of what consideration may be given the confession of Luis Delgado in connection with this defendant’s motion should be addressed by the trial court in the first instance.
We hold only that the defendant is entitled to an evidentiary hearing, and express no opinion on the merits of the defendant’s claims.
Defendant asserts that there are deportation proceedings pending against one of the affiants, Carlos Hernandez, and that Hernandez’ testimony needs to be preserved prior to deportation. The State shall promptly investigate Hernandez’ immigration statutes and report to the trial court so that, if deportation is being active *570 ly sought, appropriate steps can be taken to preserve the testimony.
Reversed and remanded for further proceedings consistent herewith.